# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**CHRISTOPHER GOODVINE,**

      Plaintiff,

  **v.**
                               **Case No. 25-CV-982**

**BRADLEY MLODZIK,** *et al.*,

      Defendants.

---

## ORDER

---

On February 5, 2026, plaintiff Christopher Goodvine, who is incarcerated and representing himself, filed a motion to substitute a party. (ECF No. 28.) On February 23, 2026, Goodvine filed a motion to supplement/amend his complaint and a motion to reconsider dismissing a defendant at screening. (ECF No. 35.) This order addresses these motions. There is also a pending motion for a temporary restraining order and a related motion asking for an evidentiary hearing. The court will address those motions in a separate order.

**MOTION TO SUPPLEMENT/AMEND THE COMPLAINT (ECF NO. 35)**

Goodvine moves pursuant to Federal Rule of Civil Procedure 20 to add plaintiffs Daimon Jackson and Roger Powell, who are also prisoners at Waupun Correctional Institution and also experienced delays in receiving medication upon transferring to the Restrictive Housing Unit (RHU). Attached to his motion is a

proposed supplemental complaint signed by Jackson and Powell that details their allegations against various officers at Waupun. (ECF No. 35-2.)

Rule 20 is not the appropriate vehicle by which to amend the complaint to add parties. Nor is providing a supplemental complaint appropriate. Federal Rule of Civil Procedure 15(d) allows a plaintiff to supplement his complaint to add allegations of "any transaction, occurrence, or event that happened after the date" of the complaint. However, the newly proposed allegations must be related to the subject matter of the original complaint. *Alesi v. Redman*, No. 3:20-CV-318-CRL-MMG, 2021 WL 123129 at *1 (N.D. Ind. Jan. 13, 2021). While it seems that the new allegations relate to the subject matter of the original complaint, adding new parties requires amending the complaint pursuant to Rule 15(a)(2). As such, Goodvine must move the court for leave to amend the complaint. Additionally, an amended complaint must be complete in and of itself, so it must include the allegations relevant to all three proposed plaintiffs' claims. The court will not allow allegations to be incorporated by reference. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998).

Further complicating matters is the fact that the Prison Litigation Reform Act (PLRA) applies to Jackson and Powell. The cost of filing a civil action in federal court is $405.00, which includes the $350.00 statutory filing fee and a $55.00 administrative fee. The $55.00 administrative fee does not apply to persons granted leave to proceed without prepaying the filing fee (*in forma pauperis* status). Under PLRA, prisoner plaintiffs who bring a civil action must pay the statutory filing fee of

2

$350.  *See* 28 U.S.C. §1915(b)(1).  Prisoner plaintiffs proceeding *in forma pauperis* may pay that fee over time.  *See* 28 U.S.C. §1915(b)(2).  In a multiple plaintiff prisoner case, **each plaintiff is required to pay a filing fee**.  *See Boriboune v. Berge*, 391 F.3d 852, 855-56 (7th Cir. 2004); *see Turley v. Gaetz*, 625 F.3d 1005, 1011 (7th Cir. 2010) ("prisoners may join their claims in a single action but must each pay a separate filing fee").

This means that before the court will screen any proposed amended complaint, Powell and Jackson each have to either pay the full $405.00 filing fee or move to proceed without prepayment of the filing fee. If Powel and Jackson move to proceed without prepayment of the filing fee, they must each file a motion and include a certified copy of their institutional trust account statement for the past six months. These documents are available from plaintiffs' institution.

Additionally, Fed. R. Civ. P. 11(a) requires that every pleading, motion, and other paper be signed by each party personally if the party is representing himself. This requirement may be difficult and costly for multiple prisoner plaintiffs to comply with, particularly if plaintiffs are transferred to different institutions or released before the case is resolved.  Further, institution policies regarding communication and the delivery of documents among prisoners may cause delay and confusion. Plaintiffs are warned that, pursuant to Rule 11(a), the court will strike any future filing that is not signed by every plaintiff.

The court denies Goodvine's motion to supplement/amend the complaint to add Jackson and Powell. If Jackson and Powell still want to proceed with the litigation,

all three plaintiffs must move for leave to file an amended complaint and attach the proposed amended complaint. The amended complaint must be complete in and of itself. Also, Jackson and Powell must either pay the full filing fee or move for *in forma pauperis* status as described above. If they move for *in forma pauperis* status, the court will then assess an initial partial filing fee. **Only after the initial partial filing fees are paid will the court consider any motion to amend the complaint to add Jackson and Powell**. If the filing fees are paid, the court will screen the amended complaint. Each plaintiff will be held legally responsible for knowing what is filed on his behalf. Thus, each plaintiff will be subject to sanctions under Fed. R. Civ. P. 11 if sanctions are found to be warranted in any aspect of the case, even if a particular plaintiff was not directly responsible for the sanctionable conduct. Further, every plaintiff who was a prisoner when the complaint was filed will incur a "strike" if this action is dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §1915(g).

If Jackson and Powell do not wish to proceed with this matter, they simply need to do nothing.

**MOTION TO RECONSIDER (ECF NO. 35)**

Goodvine moves the court to reconsider the dismissal of defendant Officer Phelps. He states that the allegations against Phelps are similar enough to the allegations against the other defendants that he was improperly dismissed at screening. Goodvine is taking issue with how the court construed and applied the law to his allegations. This is not a basis for reconsideration. *See Oto v. Metropolitan Life*

4

*Ins. Co.*, 244 F.3d 601, 606 (7th Cir. 2000) (holding that a motion that "merely took umbrage with the court's ruling and rehashed arguments" was properly rejected by the district court).

**MOTION TO SUBSTITUTE PARTY (ECF NO. 28.)**

Goodvine moves the court to replace Warden Mlodzik with current Warden Mason for the official capacity claim Goodvine was allowed proceed upon. Warden Mlodzik is no longer Warden at Waupun. Because official capacity claims "'generally represent another way of pleading an action against an entity of which the officer is an agent.'" *Kentucky v. Graham*, 437 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978)), instead of substituted Mlodzik with Mason, the court will add the Wisconsin Department of Corrections as the defendant for the official capacity claim. The official capacity claim against Mlodzik is dismissed, but the claims against Mlodzik in his individual capacity remain.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Goodvine's motion to supplement/amend the complaint (ECF No. 35) is **DENIED**. If Goodvine, Jackson, and Powell wish to amend the complaint, they must follow the instructions outlined above regarding filing fees and moving to amend the complaint.

**IT IS FURTHER ORDERED** that Goodvine's motion to reconsider the dismissal of Phelps (ECF No. 35) is **DENIED**.

**IT IS FURTHER ORDERED** that Goodvine's motion to substitute a party (ECF No. 28) is **GRANTED in part and DENIED in part**. The official capacity claim against Mlodzik is **DIMISSED**. The court directs the clerk of court's office to

5

add the Wisconsin Department of Corrections as a defendant for the official capacity claim.

Dated at Milwaukee, Wisconsin this 1st day of July, 2026.

BY THE COURT:

NANCY JOSEPH
United States Magistrate Judge